UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00390-GNS-LLK

BRUCE NORTHINGTON; and
JOHN PERRY PLAINTIFFS

v.

INTERNATIONAL ALLIANCE OF
THEATRICAL STAGE EMPLOYEES,
LOCAL 17 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on Plaintiffs' Motion to Remand (DN 5). The matter is ripe for adjudication. For the reasons set forth below, the motion is **GRANTED**.

## I. SUMMARY OF THE FACTS

This matter arises from a state court action in Jefferson County Circuit Court, where Plaintiffs Bruce Northington and John Perry ("Plaintiffs") originally filed their Complaint on March 13, 2020. (Compl., DN 1-2). In the Complaint, Plaintiffs note that they are African American and are members of other locals of the International Alliance of Theatrical Stage Employees ("IATSE") union, but not members of Defendant International Alliance of Theatrical Stage Employees, Local 17 ("Defendant"). (Compl. ¶ 3). Plaintiffs allege they initially performed work for Defendant in 1993 and 1996. (Compl. ¶ 3). Thereafter, Plaintiffs applied to become members of Defendant and were "repeatedly rejected for membership in Local 17 by a five member panel made up of white Local 17 members . . . ." (Compl. ¶¶ 3, 5).

The crux of this dispute stems from the rejection of Plaintiffs' membership applications by Defendant, while white applicants with "significantly less experience, training, and certifications" were allegedly accepted by Defendant for membership. (Compl. ¶ 6). Moreover, "[t]he overwhelming majority of members of [Defendant] are white (around 140 members), with only a miniscule number being African-American (around four members)." (Compl. ¶ 7). As a result, Plaintiffs allege they were deprived the benefits of membership including "higher paying job placements based upon seniority and certifications, job protections under various Collective Bargaining Agreements, promotions, contributions to IATSE pension and retirement plans, payment of prevailing wages on union projects based upon seniority, health insurance, work training, and other employment benefits." (Compl. ¶ 6). Plaintiffs claim they have "complained about the discriminatory treatment by agents and/or employees of Defendant . . . to individuals in leadership positions with Defendant . . . and other Locals . . . ." (Compl. ¶ 8). Plaintiffs state that Defendant has "failed to take any corrective action to remedy the discriminatory treatment against . . . Plaintiffs and/or similarly situated applicants for membership . . . ." (Compl. ¶ 8).

The Complaint seeks relief under two counts: (i) race discrimination by a labor organization in violation of KRS 344.060; and (ii) discrimination and retaliation in violation of the Kentucky Civil Rights Act ("KCRA"), particularly KRS 344.280. (Compl. ¶¶ 9-16, 17-21). The alleged violations are grounded solely in Kentucky law. Defendant filed a notice of removal, arguing it is a labor organization, as defined by 29 U.S.C. § 152(5), which "owes a 'duty of fair representation' to all members in a bargaining unit to refrain from engaging in conduct that is 'arbitrary, discriminatory, or in bad faith'", as required by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151-69. (Notice Removal 2-3, DN 1). As such, Defendant contends the

"essence" of Plaintiffs' state-law claims should be construed as having presented a question of federal law for the purpose of this Court's jurisdiction. (Notice Removal 3-4). Soon after this matter was removed, Plaintiffs filed the present motion seeking remand back to Jefferson Circuit Court. (Pls.' Mot. Remand, DN 5).

## II. STANDARD OF REVIEW

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). A case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. After the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c). Further, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of Province of Ont. v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citation omitted).

## III. DISCUSSION

Plaintiffs seek remand based on the contention that their claims are not preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141-97.[1] (Pls.' Mem. Supp. Mot. Remand 3-19, DN 5-1). "Section 301 of the Labor Management Relations Act has complete preemptive force." (Pls.' Mem. Supp. Mot. Remand 4 (quoting *Lattin v. Kurdziel*, No. 97-1384,

1 Defendant does not respond to Plaintiffs' arguments against preemption by the NLRA. (*Compare* Pls.' Mem. Supp. Mot. Remand 3-14, *with* Def.'s Resp. Pls.' Mot. Remand 2-12). "When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived and grant the motion." *Lewis-Smith v. W. Ky. Univ.*, 85 F. Supp. 3d 885, 915 (W.D. Ky. 2015) (citing *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008)). Thus, any opposition to remand based on preemption by the NLRA has been waived.

1998 U.S. App. LEXIS 10769, at *8-9 (6th Cir. May 26, 1998))). Section 301 of the LMRA provides as follows:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).[2] "In effecting complete preemption, § 301 is nearly unique among federal laws—neither §§ 157 or 158 of the National Labor Relations Act are completely preemptive." (Pls.' Mem. Supp. Mot. Remand 4 (quoting *Lattin*, 1998 U.S. App. LEXIS 10769, at *8-9)). Tying *Lattin* to the present case, Plaintiffs assert that federal jurisdiction is lacking because no collective bargaining agreement is implicated by their claims, as required by the LMRA. (Pls.' Mem. Supp. Mot. Remand 4-5).

Defendant points out that Section 301 of the LMRA creates a mechanism for employees to bring suits for violations of a collective bargaining agreement, and when "resolution of a state law claim is substantially dependent on an analysis of the terms of a collective bargaining agreement, the claim is preempted and federal labor law applies." (Def.'s Resp. Pls.' Mot. Remand 2-3, DN 6 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985))). "If the claim is one based solely on terms of the collective bargaining agreement, which includes union constitutions, the preemption of Section 301 is 'complete,' so that 'any claim purportedly based on [a] pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law,'

---

[2] Under the LMRA, "[t]he term 'labor organization' means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." 29 U.S.C. § 152(5).

and may be removed to federal court." (Def.'s Resp. Pls.' Mot. Remand 3 (alteration in original) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987))).

In *DeCoe v. General Motors Corp.*, 32 F.3d 212 (6th Cir. 1994), the Sixth Circuit developed a two-step inquiry that "courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement." *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004). If interpretation is required, then the claim is preempted. *See id.* "Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law." *Id.* (citing *DeCoe*, 32 F.3d at 216). If the rights were created by the collective bargaining agreement, the claim is preempted. *See id.* Defendant posits that "Plaintiffs' claims are 'inextricably intertwined with consideration of the terms of the contract' and require interpretation of the Union's constitutions." (Def.'s Resp. Pls.' Mot. Remand 4 (quoting *Allis-Chalmers Corp.*, 471 U.S. at 213)). Defendant contends "[t]he Union did not commit KCRA violations, but rather simply followed membership, appeal, and other related requirements contained in the Local 17 and International Union constitutions." (Def.'s Resp. Pls.' Mot. Remand 11). "Because Plaintiffs' claims will require consideration and interpretation of the contract, or applicable membership and appeal provisions under the Local 17 and International Union constitutions, their claims are preempted by Section 301 of the LMRA, and are thus properly removable." (Def.'s Resp. Pls.' Mot. Remand 11-12).

"The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citations omitted). In ruling on a motion to remand, the Court must consider whether there are grounds for which the federal courts may even hear the merits of the case.

> "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule," i.e., whether a federal question "is presented on the face of the plaintiff's properly pleaded complaint." "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Accordingly, "the existence of a federal defense normally does not create" federal-question jurisdiction, and "a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."

*Minton v. Paducah & Louisville Ry.*, 423 F. Supp. 3d 375, 379 (W.D. Ky. 2019) (alteration in original) (internal citations omitted) (citation omitted). An exception exists to the well-pleaded complaint rule for complete preemption. *Id.* "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state-law claim arises under federal law and can be removed." *Id.* (alteration in original) (internal quotations omitted) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

The U.S. Supreme Court has only identified three statutes which wield the congressional intent to completely preempt claims: Section 301 of the LMRA, 29 U.S.C. § 185; Section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a); and Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86. *Id.* (citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 376 F.2d 337, 339-40 (6th Cir. 1967), *aff'd* 390 U.S. 557, 560 (1968); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-66 (1987); *Beneficial Nat'l Bank*, 539 U.S. at 10-11). As a result, if a complaint raises state-law claims "within the scope of one of these federal causes," then the claim "necessarily 'arises under' federal law." *Id.* (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23-24 (1983)).

Defendant's Notice of Removal alleges that "the substantive matter in Plaintiffs' Complaint requires the Court to interpret the requirements of the Union to satisfy its 'duty of fair representation' under the NLRA." (Notice Removal 4). As noted above, Defendant has waived its argument that Plaintiffs' claims are preempted by the NLRA. Defendant's Notice also references the LMRA, "that state law provisions are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, when such provisions 'create[] no new rights for an employee and impose[] no duty on a union not already clearly present under existing federal law.'" (Notice Removal 3 (alterations in original) (quoting *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1334 n.4 (6th Cir. 1989))).

"[W]hen resolution of a state-law claim is substantially depend[s] upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (citing *Gibbons v. Ogden*, 22 U.S. 1 (1824)) (internal citation omitted). "[A] suit in state court alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Adamo Demolition Co. v. Int'l Union of Operating Eng'rs Local 150, AFL-CIO*, 3 F.4th 866, 872 (6th Cir. 2021) (quoting *Allis-Chalmers Corp.*, 471 U.S. at 209-10). But, so "long as the state-law claim can be resolved without interpreting the [collective bargaining] agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Id.* at 873 (alteration in original) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988)).

When examining a plaintiff's claim, "[c]ourts . . . are not bound by the well-pleaded complaint' rule." *Id.* Instead, "a court looks to the essence of the plaintiff's claim, in order to

determine whether the plaintiff is attempting to disguise what is essentially a contract claim as a tort." *Id.* (internal quotation marks omitted) (quoting *DeCoe*, 32 F.3d at 216). "[N]either a tangential relationship to [a collective bargaining agreement] nor the defendant's assertion of the contract as an affirmative defense makes a claim dependent on a collective bargaining agreement." *Id.* (alterations in original) (quoting *DeCoe*, 32 F.3d at 216). After reviewing the plaintiff's claims in *Adams*, the Sixth Circuit found that the claims were preempted under the first step of the *DeCoe* test. *Id.* at 874. The Court noted that the plaintiff's claims for tortious interference with contract, tortious interference with business relationships, and defamation "necessarily entail analysis of the parties' responsibilities under the [collective bargaining agreement]'s terms." *Id.*

By contrast, "where a suit does not center on the terms of a labor contract (collective bargaining agreement, union constitution, or other) it is not preempted because it is not within the arena of labor relations which Congress has nationalized . . . ." *Tisdale v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Can., Local 704*, 25 F.3d 1308, 1310-11 (6th Cir. 1994) (citation omitted). "Claims bearing no relationship to a collective-bargaining agreement beyond the fact that they are asserted by an individual covered by such an agreement are simply not pre-empted by § 301." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 396 n.10 (1987). The Court in *Caterpillar* explained:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be

> regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Id.* at 398-99 (internal footnote omitted).

Utilizing the two-step test from *DeCoe*, Defendant has failed to show that Plaintiffs' claims are preempted. First, Plaintiffs' state-law claims are not dependent upon the interpretation of the collective bargaining agreement. *See Mattis*, 355 F.3d at 906; *Tisdale*, 25 F.3d at 1311-12. Second, the rights asserted by Plaintiffs were not created by any collective bargaining agreement but are predicated on the KCRA. *See Mattis*, 355 F.3d at 906.

The conclusion that Plaintiffs' claims are not preempted is consonant with the Sixth Circuit's holding in *Tisdale*, specifically:

> Had plaintiffs brought a breach of contract action in state court alleging that the union had violated a provision in its constitution guaranteeing nondiscrimination, their claim properly understood would arguably have been removable because it would have been in an area occupied by federal law to the exclusion of state law. That claim would have centered on interpretation of the union constitution and would therefore have arisen under federal law, even though pleaded as a state claim. But plaintiffs actually alleged disparate treatment under a state civil rights statute, not breach of the union constitution. As *Caterpillar* states, the fact that the *defendant* raises a federal preemption defense does not mean that this cause of action arises under federal law; nor does the fact that analysis of the union's preemption *defense* may require a court to interpret the union constitution.

*Tisdale*, 25 F.3d at 1311-12. As in *Tisdale*, "[t]his is not fundamentally a *labor* case involving negotiated contractual terms, which is what § 301 addresses. This is a *discrimination* case involving non-negotiable rights guaranteed by" the Commonwealth of Kentucky. *Tisdale*, 25 F.3d at 1312. Further, the federal counterpart to Plaintiffs' KCRA claims is Title VII of the Civil

Rights Act of 1964, "which forbids racial and other discrimination by employers and labor organizations [and] . . . specifically does not preempt state civil rights actions." *Id.* (citing 42 U.S.C. § 2000e-7).

Therefore, as Plaintiffs' claims are not preempted by § 301 of the LMRA, no federal jurisdiction exists in this matter. As such, remand back to the state court is necessary.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand (DN 5) is **GRANTED**, and this this matter is **REMANDED** to the Jefferson Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

November 12, 2021

cc:   counsel of record
      Jefferson Circuit Court, Civil Action No. 20-CI-001906